ORIGINAL

FILED IN CHAMBERS
U.S.D.C. Atlanta

JUL 01 2008

JAMES N. HATTEN, Clerk
By: pmw  Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| UNITED STATES OF AMERICA | : | CRIMINAL INDICTMENT |
| v. | : | |
| TOMMY LEE COX | : | NO. 1:08-CR-261 |

THE GRAND JURY CHARGES THAT:

### COUNT ONE

On or about August 4, 2004, in the Northern District of Georgia, the defendant, TOMMY LEE COX, did willfully make and subscribe a Report of Cash Payments over $10,000 Received in a Trade or Business on Form 8300, which was verified by a written declaration that it was made under penalties of perjury and filed with the Internal Revenue Service, which report the defendant did not believe to be true and correct in every material matter in that the report stated that "the State Judge" received cash in the amount of $51,900,000 from [P.P.], in a transaction conducted on behalf of "Tommy Lee Cox," on August 4, 2004, which the defendant knew to be false.

In violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2(b).

### COUNT TWO

On or about August 4, 2004, in the Northern District of Georgia, the defendant, TOMMY LEE COX, did willfully make and

subscribe a Report of Cash Payments over $10,000 Received in a Trade or Business on Form 8300, which was verified by a written declaration that it was made under penalties of perjury and filed with the Internal Revenue Service, which the defendant did not believe to be true and correct in every material matter in that the report stated that the "Fulton County Sheriff Department" received cash in the amount of $51,900,000, from [J.B.], in a transaction conducted on behalf of "Tommy Lee Cox," on August 8, 2004, which the defendant knew to be untrue.

In violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2.

## COUNT THREE

On or about August 4, 2004, in the Northern District of Georgia, the defendant, TOMMY LEE COX, did willfully make and subscribe a Report of Cash Payments over $10,000 Received in a Trade or Business on Form 8300, which was verified by a written declaration that it was made under penalties of perjury and filed with the Internal Revenue Service, which the defendant did not believe to be true and correct in every material matter in that the report stated that "the DeKalb County Sheriff" received cash in the amount of $51,900.00, from [T.B.], in a transaction conducted on behalf of "Tommy Lee Cox," on August 4, 2004, which the defendant knew to be untrue.

In violation of Title 26, United States Code, Section 7206(1)

and Title 18, United States Code, Section 2(b).

## COUNT FOUR

On or about August 4, 2004, in the Northern District of Georgia, the defendant, TOMMY LEE COX, did willfully make and subscribe a Report of Cash Payments over $10,000 Received in a Trade or Business on Form 8300, which was verified by a written declaration that it was made under penalties of perjury and filed with the Internal Revenue Service, which the defendant did not believe to be true and correct in every material matter in that the report stated that the "State Judge" received cash in the amount of $51,900,000, from [A.W.], in a transaction conducted on behalf of "Tommy Lee Cox," on August 8, 2004, which the defendant knew to be untrue.

In violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2.

## COUNT FIVE

On or about March 31, 2006, in the Northern District of Georgia, the defendant, TOMMY LEE COX, did willfully make and subscribe a Report of Cash Payments over $10,000 Received in a Trade or Business on Form 8300,, which was verified by a written declaration that it was made under penalties of perjury and filed with the Internal Revenue Service, which the defendant did not believe to be true and correct in every material matter in that the report stated that "State Court Judge [D.E.B.]" received cash in

3

the amount of $51,900,000 from [D.E.B.], in a transaction conducted on behalf of "Tommy Lee Cox," on March 31, 2006, which the defendant knew to be untrue.

In violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2.

### COUNT SIX

On or about April 1, 2006, in the Northern District of Georgia, the defendant, TOMMY LEE COX, knowingly and willfully made and used a false writing and document in a matter within the jurisdiction of the executive branch of the government of the United States, that is, within the jurisdiction of the United States Treasury Department, namely, a Suspicious Activity Report, knowing the same to contain materially false, fictitious, and fraudulent statements and entries that were untrue when made, to wit: that Judge [D.E.B.] engaged in "suspicious activity," that the defendant characterized as "Bribery/Gratuity," "Misuse of Position or Self Dealing," and "Identity Theft," which the defendant knew to be false.

In violation of Title 18, United States Code, Section 1001(a)(3) and Title 18, United States Code, Section 2(b).

### COUNT SEVEN

From in or about August, 2004, and continuing through in or about April, 2006, the exact dates unknown t the Grand Jury, in the Northern District of Georgia and elsewhere, the defendant, TOMMY

LEE COX, did corruptly endeavor to obstruct the due administration of Title 26, United States Code, (the "Internal Revenue Code"), by making false reports on United States Treasury Department Form 8300 for cash payments in excess of $10,000, and other documents filed with the Internal Revenue Service that falsely stated that judges, law enforcement personnel, and court personnel, who were involved in the defendant's prosecution in Fulton County and DeKalb County, Georgia, identified as cases #03CR278149 and #04CR296134, in the Fulton County State Court and case #03C43206 in the DeKalb County State Court, were parties to cash transactions that were conducted on behalf of the defendant, when as the defendant knew, no transactions had occurred.

In violation of Title 26, United States code, Section 7212(a) and Title 18, United States Code, Section 2(b).

A _True_ BILL

_Zandra M. Seamor_
FOREPERSON

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

RICHARD M. LANGWAY
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6035
Georgia Bar No. 437050